### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## WESTERN DIVISION.

### JACKSON, APRIL TERM, 1918.

SECURITY BANK & TRUST CO. *v.* GOLDFARB *et al.*

(*Jackson.* April Term, 1918.)

**USURY. Rights and remedies. Costs.**

Where a cross-bill, alleging usury, is dismissed, because the usurious transactions, though proven, have been settled, Thompson-Shannon Code, section 4947, providing that the person taking usury shall pay costs, requires that the cross-defendant be taxed with the costs of the cross-bill, though successful in its defense.

Code cited and construed: Sec. 4947 (T.-S.).

---

### FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County. —HON. ISRAEL H. PERES, Chancellor.

E. L. BOYLE, L. D. BEJACH and HARRY SPEARS, for complainant.

W. B. COWAN, for defendants.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The cross-bill in this case was filed to recover from the bank for certain usurious transactions amounting to several thousand dollars. The usurious nature of the transactions is established, but it is also established that the parties have settled and adjusted the matter in such way as to be bound by them. At a former day of the term the cross-bill was dismissed at the cost of the cross-complainant. We are now asked to rehear this feature of the decree, and are cited to section 4947, Thompson's Shannon's Code. This section provides as follows:

"If it be made to appear in the action that usurious interest has been intentionally taken or reserved, the person taking or reserving such usury shall pay full costs."

We think this provision of the Code requires us to tax the cross-defendant with all the cost of the cross-bill, notwithstanding it was successful in its defense. The petition to rehear is granted upon this point, and the bank will be taxed with the costs of the cross-bill.